**COUNCIL OF COMMUTER ORGANIZATIONS, et al., Plaintiffs,**

v.

**METROPOLITAN TRANSPORTATION AUTHORITY, et al.; J. William Burns, Chairman, Tri-State Regional Planning Commission; Frank T. Johnson, Executive Director, Tri-State Regional Planning Commission, Defendants.**

80 Civ. 6815(MP).

United States District Court, S. D. New York.

June 5, 1981.

William Hoppen, New York City, for plaintiffs.

Wikler, Gottlieb, Taylor & Howard, New York City, by Harry A. Gottlieb, Leonard H. Moche, William F. McCartin, New York City, for defendants.

## OPINION

MILTON POLLACK, District Judge.

Defendants Johnson and Burns, sued herein in their official and individual capacities (Cplt. ¶ 3) (they are respectively the Chairman and Executive Director of the Tri-State Regional Planning Commission) (hereafter referred to as defendant Tri-State) move to dismiss the amended complaint under Rules 12(b)(1) and 12(b)(6) Fed. R.Civ.P. Self-evidently the plaintiffs deem that by naming these officials, they have named Tri-State as a defendant and this is reflected by the allegations in the body of the complaint continuously referring to the Commission as a defendant.

Tri-State, according to the complaint is the responsible metropolitan *planning* organization in the New York Metropolitan Region, which was formed as an interstate agency for that purpose by the States of New York, Connecticut and New Jersey in 1971. It is charged that Tri-State, by a memorandum of understanding with the New York State Department of Transportation and the New York Department of Environmental Conservation undertook responsibility for implementation of portions of the federal Clean Air Act as the official *planning* agency for the Region and is the organization of local elected officials referred to in the Act; it is charged with the duty of conducting *studies* to form the basis of programs and solutions to the transportation problems of the Tri-State Region.

The complaint asserts that Tri-State has been and is violating the planning obligations which it assumed in respect of the Plans of 1973 and 1979 [1] promulgated under the Clean Air Act by New York State particularly relating to transportation in the Region. The complaint criticizes increased fares and reductions of service on the City's bus, subway and commuter railroad systems.

The purported violations charged to the moving defendants appear to be that they have not effectively *enforced* or *implemented* those plans which include strategies to maintain and otherwise revamp the New York City transit system. The thrust of plaintiff's claims against Tri-State and its officials is that they have failed adequately to *plan* the achievement of air quality standards principally by alleged failure to properly and sufficiently deal with mass transit improvements.

The moving defendants present two major obstacles to their inclusion as parties to this suit. First: The Compact Legislation which created Tri-State established it simply as a planning agency, N.Y.Unconsol. Laws § 8301 *et seq.*; N.J.Stat.Ann. § 32:22B–1 *et seq.*; Conn.Gen.Stat.Ann. § 16–339; and by statute it is specifically prohibited from engaging in or undertaking "any functions relating to the operation of transportation...." *e. g.*, N.Y.Unconsol. Laws § 8306(a). Thus, defendants contend that as a matter of law, Tri-State cannot be directed to involve itself in the implementation or enforcement of strategies which are a part of any plan. Parenthetically, since, as the complaint alleges, the Administrator of the Environmental Protection Agency approved the 1979 Plan only "in part and conditionally" (Cplt. ¶ 11) there is no final action as, yet at least as to that Plan, which would be reviewable under the Clean Air Act. At all events were there to be final action any review thereof would not be within the jurisdiction of the district court, but would reside with the Court of Appeals, 42 U.S.C. § 7607(b)(1). Second: The Compact Legislation which created Tri-State, provided that the agency may not be sued in any court or tribunal whatsoever.

As already mentioned, Tri-State is a planning agency. It is the official area wide

---

1. The 1973 Plan is the New York City Metropolitan Area Air Quality Implementation Plan, Transportation Controls (April 1973). The 1979 Plan is the New York State Air Quality Implementation Plan for Control of Carbon Monoxide and Hydrocarbons in New York City Metropolitan Area (May 1979).

clearing-house designated by the Federal Office of Management and Budget to review all applications for federal aid in such areas as mass transit, airports, housing and community renewal, and other functions having a regional impact, but neither it nor its officers have the function or power to enforce their recommendations. It has no authority to engage in functions which relate to "the operation of transportation . . . or other public facilities. . . ." e. g., N.Y. Unconsol.Laws § 8306(a). Moreover, the Compact Legislation, as is illustrated by the New York statute, expressly provides that "The commission [Tri-State] is declared to be an instrumentality of the party states exercising a governmental function. It shall enjoy the sovereign immunity of the party states and may not be sued in any court or tribunal whatsoever. . . ." e. g., N.Y.Unconsol.Laws § 8311.[2]

The prayer for relief in the complaint against Tri-State demands a declaration that it is in violation of the implementing Plans presented to the Administrator by the State. Since it cannot enforce them or its recommendations, there is nothing that they can be compelled to do in that regard on which to hold the moving defendants in Court on this suit.

The motion to dismiss the amended complaint against the defendant Tri-State and the defendants Johnson and Burns, sued in their individual and official capacities, is granted and the allegations of the amended complaint pertaining to them are stricken therefrom.

SO ORDERED.

---

**2.** While in certain cases, a state official may be personally sued to perform a duty imposed on him by federal law, without transgressing the Eleventh Amendment immunizing a state from being sued, *Ex parte Young*, 209 U.S. 123, 152, 28 S.Ct. 441, 450, 52 L.Ed. 714 (1908); *Roth-stein v. Wyman*, 467 F.2d 226, 236 (2d Cir. 1972), *cert. denied*, 411 U.S. 921, 93 S.Ct. 1552, 36 L.Ed.2d 315 (1973), that principle has no application in the circumstances to Tri-State or the heads of its organization.