COUNCIL OF COMMUTER ORGANIZATIONS, et al., Plaintiffs,

v.

METROPOLITAN TRANSPORTATION AUTHORITY, et al., Defendants.

No. 80 Civ. 6815(MP).

United States District Court,
S. D. New York.

Oct. 13, 1981.

---

William Hoppen, New York City, for plaintiffs.

John S. Martin, Jr., U. S. Atty., S.D.N.Y., Gaines Gwathmey, III, Asst. U. S. Atty., New York City, for federal defendants.

Cravath, Swaine & Moore, New York City, for Metropolitan Transp. Authority

and related defendants; David Boies, Francis P. Barron and Kevan R. Cleary, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of New York, John G. Proudfit, Asst. Atty. Gen., New York City, for Hugh L. Carey, William C. Hennessy and Robert F. Flacke.

Allen G. Schwartz, Corp. Counsel of the City of New York by John C. Brennan, Asst. Asst. Corp. Counsel, New York City, for Mayor Koch.

## OPINION

MILTON POLLACK, District Judge.

Defendants Environmental Protection Agency (EPA) and other federal agencies move for judgment on the pleadings under Fed.R.Civ.P. 12(c). The Metropolitan Transportation Authority, Governor Carey and other State defendants, and Mayor Koch, move to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction, Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted and move also to dismiss on mootness and ripeness grounds. For the reasons appearing hereafter the motions to dismiss on all of these grounds are to be granted.

This is an action to enforce various provisions of the Clean Air Act, 42 U.S.C. § 7401 et seq. Plaintiffs' underlying and motivating concern is with the condition of New York City's transportation system.

Plaintiffs' original complaint was dismissed on March 2, 1981 for failure to meet the minimal pleading requirements of Fed. R.Civ.P. 8. Plaintiffs amended their complaint and on June 5, 1981, this Court dismissed their claims concerning defendants Tri-State Regional Planning Commission, J. William Burns and Frank T. Johnson on the ground that as a planning agency solely, the Commission was not properly joined in an enforcement suit and also because of sovereign immunity. *Council of Commuter Organizations v. Metropolitan Transportation Authority*, 515 F.Supp. 36 (S.D.N.Y.1981).

In their remaining claims, plaintiffs challenge the EPA Administrator's failure to take action concerning New York State's 1979 State Implementation Plan (SIP)[1] as required by 42 U.S.C. § 7410(a)(2), his failure to issue notice of violations of the 1973 SIP and 1979 SIP to the State and to the State agencies, officials and other persons in violation of the plans as required by 42 U.S.C. § 7413(a)(1) and (2), and his failure to establish a federal air quality monitoring system as required by 42 U.S.C. § 7619.

Plaintiffs also claim that the State and local defendants were in violation of the 1973 and 1979 SIPs by their failure to improve the City's mass transportation system.

Last, plaintiffs claim that the granting of federal funds to the State when it had not attained the national primary ambient air quality standard, and when transportation control measures were necessary for it to do so, contravened 42 U.S.C. § 7506(a).

■ At the time plaintiffs brought this suit, the EPA had not yet taken final action on New York State's 1979 SIP. On September 9, 1981, however, that plan went into effect. Therefore, those claims alleging violations of the 1973 SIP are now moot, as is the assertion that the EPA Administrator failed to act on the 1979 SIP.

■ Plaintiffs' claim that the EPA Administrator should have issued notices to the State for widespread violations of the SIP then in effect and to persons specifically in violation of the plan is not reviewable by this Court. The duty to issue notices of violations arises only after the EPA Administrator makes a discretionary finding that such violations have occurred, 42 U.S.C. § 7413(a). The EPA found no such violations to exist and that decision is not reviewable under 42 U.S.C. § 7604(a) (plaintiffs' standing provision). *Wisconsin's Environmental Decade, Inc. v. Wisconsin Power & Light Company*, 395 F.Supp. 313 (W.D. Wis.1974) (discussing 42 U.S.C. § 1857h–2

---

1. The Clean Air Act requires each state to develop a plan for the implementation, maintenance, and enforcement of the primary and secondary ambient air quality standards promulgated by the EPA. 42 U.S.C. § 7410(a)(1). These plans are known as SIPs.

now codified as 42 U.S.C. § 7604). There are no facts alleged indicating an abuse of discretion.

■ That part of plaintiffs' complaint concerning the lack of enforcement by the non-federal defendants of the 1979 SIP is premature. As noted, the 1979 plan has just gone into effect. Under 42 U.S.C. § 7604(b)(1)(A), claims of violations must first be made to the EPA which has 60 days to respond before an action may be brought in the District Court. Sixty days have not elapsed since the approval of the 1979 SIP. Additionally, plaintiffs' descriptions of the alleged violations are so vague and conclusory as to fail to indicate what activity, and on whose part, plaintiffs complain.

■ To the extent that plaintiffs' concern is with the content of the 1979 SIP, the proper forum for such a suit is the Court of Appeals. 42 U.S.C. § 7607(b).

The EPA has promulgated Air Quality Monitoring regulations, codified at 40 C.F.R. Part 58. Plaintiffs' contention as to these is really a substantive challenge, and as such is to be brought properly only in the Court of Appeals. 42 U.S.C. § 7607(b).

■ Last, plaintiffs' allegation concerning the failure to withhold federal funds to the State in contravention of 42 U.S.C. § 7506(a) is not reviewable by this Court. In order to have a duty to withhold, the Administrator must make a discretionary finding that the Governor has not submitted a SIP which takes into account attainment of the national ambient air quality standards or has not made reasonable efforts to do so. *Id.* The Administrator has not made such a finding and thus there is nothing for this Court to review. 42 U.S.C. § 7604(a)(2).

Accordingly, the remainder of plaintiffs' amended complaint is in all respects, dismissed, as against all defendants.

SO ORDERED.